51 CCPA

**Application of Robert R. CITRON.**

**Patent Appeal No. 7043.**

United States Court of Customs and Patent Appeals.

Dec. 12, 1963.

Rehearing Denied Feb. 3, 1964.

———◇———

James H. Littlepage, Washington, D. C. (Herman Hersh, Ooms, McDougall & Hersh, Chicago, Ill., of counsel), for appellant.

Clarence W. Moore, Washington, D. C., (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of all claims of application serial No. 502,231, filed April 18, 1955, for "Organic Composition and Method for Using Same." The application is stated to be a continuation-in-part of application serial No. 419,683 which we have just had occasion to consider in C. C.P.A., 325 F.2d 248.

The subject matter here claimed is very similar to that in No. 7042 and is sufficiently indicated by claims 19 and 23 hereinafter set forth. There is no claim to a "Method for Using," as indicated by the title of the application.

19. The composition comprising mineral oil containing 0.2–2.0 percent by weight of the acetone soluble extract of the fat soluble components in cancer tissue.

23. The method which includes the steps of reducing cancer tissue to a finely divided state, mixing the finely divided tissue with a solvent in which the fat soluble components are soluble for extracting the fat

soluble components, dehydrating the fat soluble extract, mixing the dehydrated residue with anhydrous acetone to extract the acetone soluble components, dehydrating the acetone extract, and heating the residue of the acetone extract to a temperature in the range of the boiling point of water for sterilization.

The examiner made, and the board affirmed, several rejections on various grounds but since we find one of them sufficient we see no need to recite or consider the others. The examiner rejected all claims for "lack of utility in the absence of clear and convincing proof that applicant's composition is safe and effective for all the therapeutic uses disclosed in the specification." In affirming, the board said:

> "Appellant's sole response to the Examiner's rejection of all the appealed claims as lacking utility in the absence of clear and convincing proof of safety and effectiveness for the stated purposes does not controvert the rejection but indicates an intent to present evidence including such proof. Since appellant's brief was filed on December 10, 1959 and the indicated evidence has not been forthcoming, appellant has not responded properly to the rejection.

> "We agree with the Examiner's rejection of the claims since the disclosure alleges utilities such as the control of human cancer and the reversal of the process of arteriosclerosis or aging in normal humans *which are not known to be attainable*. Thus, the Examiner had adequate basis for requiring proof of operativeness for the reasons which he set forth in his Answer and, absent clear and convincing proof of such utility the rejection is proper." [Emphasis ours.]

There is no occasion in this case to debate with appellant the nature of the disclosures of utility which are contained in his specification since we can accept the summary thereof contained in his brief in this court which reads as follows:

"The uses are described in the original specification as follows:

> "(1) The resulting plasma has been used with significant improvement and control of a clinical course of at least several types of human cancer. * * *

> "(2) The acetone extract of the fat soluble components of Brown-Pearce and Walker tissue contains a fraction which imparts *steroid* and *endocrine* as well as *antigenic activity*. * * *

> "(3) It has been found that the residue from the Walker tissue, * * *, the steroid or lipid portions of which are believed to be responsible, shows *metabolic effects* on carbohydrate metabolism and bowel functions. * * *

> "(4) Administration by subcutaneous injection in the dosages described two or three times a week causes a definite loss in appetite and use of the material is thus suggested for *diet* and *weight control*. * * *

> "(5) The lipids from the Walker material cause increased activity and peristalsis of the lower bowel, colon and rectum. * * *

> "(6) Compounds and compositions prepared in accordance with the practice of this invention contain materials which have *luteinizing effects* and which cause definite interference with and, in some instances, complete cessation of the menses in normal women. * * *

> "(7) The materials prepared in accordance with the practice of this invention contain compounds which are effective, * * * to cause opening and relaxation of the blood vessels in the body. * * *

> "(8) *Euphoria effects*. * *

> "Thus aside from the cure of

cancer, appellant has described use in the general pharmaceutical applications stemming from steroid, endocrine, as well as antigenic activity."

From reading the specification ourselves we get the impression that appellant's extracts from rabbit and rat cancer tissue are not only effective to produce serum which is effective "in controlling the clinical course of many types of human cancer," that they "can be used effectively as a vaccine * * * for immunization against cancerous growth" in humans, are effective in treating diabetes millitus, but are also practically a geriatric panacea which reverses the aging process, the long sought "Fountain of Youth." They are also said to control the emotions and create a feeling of euphoria.

The Patent Office characterized these assertions of utility, at least in part, as "incredible and misleading unless proven by proper evidence." It was admitted at oral argument that no evidence has been submitted in this case.

The decision of the board is affirmed for the reasons stated in our concurrent opinion in No. 7042.

Affirmed.

MARTIN, J., did not sit or participate in decision.

SMITH, Judge (concurring).

I concur in the result reached by the majority, for the reasons stated in my concurring opinion in Patent Appeal No. 7042, decided concurrently herewith.